U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 12 2018

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JONATHAN BLOUNT, §
§
    Plaintiff, §
§
VS. § NO. 4:17-CV-1014-A
§
CITY OF DALWORTHINGTON GARDENS, §
§
    Defendants.[1] §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motions of defendant, City of Dalworthington Gardens ("City"), titled (1) "Defendant's Motion to Dismiss," and (2) "Defendant's Second Rule 12(b)(4) Motion to Dismiss and Brief." Having considered the responses of plaintiff, Jonathan Blount, to those motions, the replies thereto of City, the applicable legal authorities, and the record in this action, the court has determined that the motions should be denied.

I.

Procedural Background

The above-captioned action was initiated by the filing of an original complaint in the Dallas Division of the United States District Court for the Northern District of Texas, where it was

---

[1] Plaintiff's original complaint named as defendants Officer Ryan Miller, Officer Jeffrey, Lieutenant Taylor, and City of Dalworthington Gardens. Defendants Miller, Jeffrey, and Taylor were dismissed by Final Judgment as to Certain Parties signed January 2, 2018.

assigned to the docket of Judge Sam Cummings and the case number 3:17-CV-02346-C. After plaintiff failed to file with the court proof of service of the summons and complaint on any of the named defendants within 90 days of the initiation of that action, Judge Cummings signed an order on December 1, 2017, ordering that "Plaintiff's claims against all Defendants will be dismissed without prejudice if proof of service has not been filed by 9:00 a.m. on December 21, 2017." Doc.[2] 3. On December 14, 2017, plaintiff filed a motion to consolidate the above-captioned with another action that was at the time pending before the undersigned, Case No. 4:17-CV-720-A. On December 2018, plaintiff filed a motion seeking "an additional 30 days after the Motion to Consolidate has been decided, in which to serve the summons and complaint on Defendants." Doc. 6 at 3. On December 20, 2017, before reaching a decision on either the motion to consolidate or the motion for an extension of time to serve defendants, Judge Cummings transferred the above-captioned action to the docket of the undersigned.

The following day, the undersigned ordered plaintiff to file, by 4:00 p.m. on December 29, 2017, proof of proper service of summons and complaint on defendants. The order cautioned that

---

[2] The "Doc.__" reference is to the number assigned to the referenced item on the docket in this action, No. 4:17-CV-1014-A.

2

"if plaintiff fails to comply with this order the court will consider the dismissal, without further notice, of plaintiff's claims and causes of action against any defendant for whom proof of service is still lacking, as authorized by Rule 4(m) of the Federal Rules of Civil Procedure." Doc. 10 at 4. On December 29, 2017, after plaintiff filed what purported to be its proof of service of the summons and complaint on City, but nothing as to defendants Officer Jeffrey ("Jeffrey"), Ryan Miller ("Miller"), and Lieutenant Taylor ("Taylor"), the court ordered the dismissal of Jeffrey, Miller, and Taylor.

II.

The Motions to Dismiss

On January 18, 2018, City filed its first motion to dismiss, urging the court that plaintiff's service upon on City was not proper. The court issued an order on January 26, 2018, requiring a response to the motion by plaintiff. On February 5, 2018, before filing a response to the motion, plaintiff filed with the court an unexecuted return of service, dated January 25, 2018, and an executed return of service, purporting that service of the summons and complaint had been made on City through the city secretary, Lola Hazel, on January 29, 2018. After being served by plaintiff, City filed on February 7, 2018, its second motion to dismiss, urging the court that plaintiff's severely out of

time service on City should not serve to keep plaintiff's claim in force, and that the court should dismiss plaintiff's claims against it for failure to comply with the court's December 21, 2017 order. The court ordered a response from plaintiff, which it received February 21, 2018. City filed a reply.[3]

III.

Analysis

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, district courts have the authority to dismiss without prejudice the claims against a defendant who has not been served within the time prescribed by that rule. Additional time for service must be granted whenever a plaintiff can establish good cause for failing to serve a defendant. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). "To establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." Peters v. U.S., 9 F.3d 344, 345 (5th Cir. 1993)(citation and internal quotations omitted). And, "even [when] good cause is lacking, the court has discretionary power to extend time for service." Newby v. Enron Corp., 284 Fed.

---

[3] Plaintiff also filed a response, filed on February 8, 2018, to City's first motion to dismiss, to which City replied, on February 9, 2018.

4

App'x 146, 149 (5th Cir. 2008)(citing Thompson, 91 F.3d at 21). Such discretionary authority may be exercised when, for example, the applicable statute of limitations would prevent the refiling of the lawsuit. Id.; see also Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

Because such a dismissal has the effect of being one with prejudice, dismissal pursuant to Rule 4(m) for untimely or insufficient service of process of a claim the applicable statute of limitations has run on is only warranted in limited instances. Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008)(noting that such a dismissal "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." (quoting Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980))); See also Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). These instances include (1) where "there is a clear record of delay or contumacious conduct by the plaintiff," and (2) when "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Berry, 975 F.2d at 1191. "Delay which warrants dismissal with prejudice must be longer than just a few months: instead, the delay must be characterized by significant periods of total inactivity." Millan, 546 F.3d at 326-27 (quoting McNeal

v. Papasan, 842 F.2d 787, 791 (5th Cir. 1998))(internal quotations omitted). Moreover, such a dismissal must generally be supported by "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney, (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Millan, 546 F.3d at 326 (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986).

Plaintiff in the above-captioned action delayed properly serving any named defendant for several months, including failing twice to comply with court orders to do so. Nevertheless, the record indicates that plaintiff has now served City, and the court has reason to believe that if this action is dismissed, the applicable statute of limitations will have run on plaintiff's claims, leaving plaintiff without recourse for any of his alleged injuries. The absence of clear evidence of any aggravating factors favors permitting plaintiff's continued pursuit of his claims against City. City has not identified in either of the motions to dismiss any potential prejudice City would suffer if plaintiff is permitted to go forward with his claims against City, and the papers on file indicate that the negligence of counsel, rather than counsel's intentional delay or delay caused by plaintiff himself, caused the delay in serving City. Accordingly, the court has determined that the motions to dismiss

should be denied, and City should be required to file an answer or other response to plaintiff's complaint.

IV.

ORDER

Therefore, for the above stated reasons,

The court orders that City's motions to dismiss be, and are hereby, denied.

The court further ORDERS that City file by 4:00 p.m. on March 26, 2018, an answer or other response to plaintiff's complaint.

SIGNED March 12, 2018.

_____
JOHN McBRYDE
United States District Judge